UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE COX,<br><br>             Plaintiff,<br>v.<br><br>RAYMOND INTERIOR SYTEMS,<br>ZURICH NORTH AMERICA TOBIN -<br>LUCAS<br><br>             Defendants. | Civil No. 12cv1722 JAH (DHB)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING REQUEST TO PROCEED** *IN FORMA PAUPERIS* **AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br>[Doc. Nos. 1, 2] |

Plaintiff, a non-prisoner appearing *pro se*, filed a complaint along with a request to proceed *in forma pauperis* and a motion for appointment of counsel. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

§ 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). Lopez, 203 F.3d at 1127.

As currently plead, it is clear that Plaintiff's complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

In his complaint, Plaintiff states he suffered a severe spinal injury while working for Raymond Interior Systems and was terminated. He further states he was "denied/delayed treatment and medications" and his employer, insurance carrier and their lawyers "intentionally discriminated" against him as an injured worker. Complaint at 1. He seeks

compensation for "malicious and professional negligence and misconduct of [his] constitutional rights." Id.

It appears Plaintiff seeks relief for employment discrimination. To properly allege a claim for employment discrimination, a plaintiff must allege that he is a member of a protected class, he performed his job satisfactorily, and he suffered an adverse action or was treated differently than similarly situated individuals who were not part of the protected class. See Kortan v. California Youth Authority, 217 F.3d 1104, 1113 (9th Cir. 2000); Chuang v. University of California Davis, 225 F.3d 1115, 1123 (9th Cir. 2000). Plaintiff fails to allege he performed his job satisfactorily and was treated differently than other similarly situated persons. As such, he fails to state a claim.

Likewise, Plaintiff fails to state a claim for negligence. The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury. See Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted). The complaint alleges no facts to support a claim for negligence.

To the extent Plaintiff seeks relief for violation of his constitutional rights, Plaintiff fails to state a claim. To state a claim for violation of constitutional rights under 42 U.S.C. § 1983, Plaintiff must allege facts to show that (1) a right secured by the Constitution or the laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. See Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Private citizens may be held liable under section 1983 only for acts which are alleged to have been taken under the color of state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds* by Daniels v. Williams, 474 U.S. 327 (1986); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Plaintiff fails to allege the private party defendants acted under state law. As such, he fails to state a claim.

As currently plead, Plaintiff's complaint fails to state a claim and must be dismissed. Because the complaint must be dismissed, Plaintiff's requests to proceed *in forma pauperis*

and for appointment of counsel are moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The instant complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted; and

2. Plaintiff's request to proceed *in forma pauperis* and motion for appointment of counsel are **DENIED as moot**.

DATED: August 8, 2012

JOHN A. HOUSTON
United States District Judge